IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEBORAH WIESS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 10-CV-00111-JPG-PMF ) |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeFranco & Bradley, P.C., removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 USC § 1446 upon the following grounds:

### PROCEDURAL HISTORY

1. On September 8, 2009, plaintiff filed a complaint in the Third Judicial Circuit, Madison County, Illinois as case number, 09-L-936.

2. On October 20, 2009, defendant removed this case to the United States District Court for the Southern District of Illinois as case number, 09-887.

3. On November 4, 2009, this Court remanded this case to the Third Judicial Circuit of Madison County, Illinois. The Court reasoned that:

   (1) Plaintiff's medical bills and wage loss at the time totaled $34,446.72. If plaintiff incurred additional medical treatment 'the expenses would be fairly minor.'; and

   (2) Plaintiff is not reasonably likely to incur $40,000.00 in damages for pain and suffering.

4. On January 11, 2010, plaintiff answered interrogatories and admitted that the amount in controversy satisfies the jurisdictional requirement. (See Answers to Interrogatories).

## VENUE

5. The district for the United States have original jurisdiction over this litigation pursuant to 28 USC § 1332.

6. Venue lies in the United States District Court for the Southern District of Illinois pursuant to 28 USC § 1446 (a) because the original action was filed in Madison County, Illinois which is within the Southern District of Illinois.

7. Written notice of the filing of this notice for removal was hereby given to all parties.

8. A copy of this notice of removal was filed with the Third Judicial Circuit, Madison County, Illinois required by 28 USC § 1446.

9. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 USC § 1446 (a).

## DIVERSITY OF CITIZENSHIP

10. Defendant Wal-Mart is now and was at the commencement of this action a corporation organized and existing under the laws of the state if Delaware with its principal place of business in Arkansas. Wal-Mart is not now and was not at the commencement of this action a citizen of the state of Illinois.

11. Plaintiff is and was at the time of the commencement of this action a citizen of the state of Illinois.

12. Complete diversity of citizenship exists between plaintiff and defendant Wal-Mart Stores, Inc.

## AMOUNT IN CONTROVERSY

13.     Once a removing defendant has shown by a preponderance of the evidence that the amount in controversy is satisfied, the plaintiff can defeat jurisdiction only if it is legally certain that the plaintiff's recovery will be less than the jurisdictional amount. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *See also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006).

14.     A defendant may prove jurisdiction by "contention interrogatories or admission in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demand; or by introducing evidence, in the form of affidavits . . ." *Meridian*, 441 F.3d. at 541-542.

15.     In *Rising-Moore v. Red Roof Inns, Inc.* 435 F.3d 813 (7th Cir. 2006), the court "accepted a plaintiff's offer to settle for $60,000.00 as proof that the underlying claim was worth more than $75,000.00." *Reason v. Wal-Mart Stores, Inc.*, 2008 WL 410227 at *2 (C.D.Ill. 2008).

16.     Plaintiff alleges in her complaint that plaintiff sustained significant pain to her low back area including, but not limited to, a bruised lower leg, radiating low back pain into her left leg, a nerve root compression at L4-L5, a herniated nucleus pulposis at L4-L5, required a surgery to remove the extruded disc fragments at L4-L5, required pain management following her back surgery, incurred medical bills and expenses for treatment, surgery, medication and follow-up care, and may need future medical care and pain management in the future, and sustained significant and continuous pain in her low back area and lost wages.

17.     In response to interrogatory No. 14, which requested the amount of damages plaintiff is seeking in this lawsuit, plaintiff answered:

Plaintiff is seeking $75,000.00 in settlement; further Plaintiff is seeking approximately $15,000.00 in wage loss, approximately $28,000.00 in medical specials and approximately $32,000.00 in pain and suffering/non-economic loss.

18. In answer to interrogatory No. 4, plaintiff claims her wage loss is $15,651.00.

19. In answer to interrogatory No. 15, plaintiff claims her medical bills are $28,135.10.

20. In answer to interrogatory No. 16, plaintiff seeks $321.65 in damages for an inversion table.

21. Plaintiff is seeking damages in excess of $75,000.00.

| | |
|---|---|
| Medical Bills: | $28,135.10 |
| Wage Loss: | $15,651.00 |
| Inversion Table: | $   321.65 |
| Non-economic: | $32,000.00 |
| Total: | $76,107.75 |

22. Based on plaintiff's verified discovery responses, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23. Plaintiff's answers indicate that the amount sought is "approximations," thus plaintiff is not constrained at trial to seeking $75,000.00 or less. If plaintiff requested an award of three times her claimed medical bills, plus her wage loss, and damages for an "inversion table" her damages would exceed $75,000.00 by a significant amount.

24. If a jury believes that defendant is liable and that the alleged incident caused plaintiff's back surgery, then plaintiff has a substantial likelihood of obtaining an award in excess of $75,000.00 in Madison County, Illinois.

WHEREFORE, defendant Wal-Mart Stores, Inc. removes this case to the United States District Court for the Southern District of Illinois, East St. Louis Division and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court. **<u>DEFENDANT DEMANDS TRIAL BY JURY</u>**.

        DeFRANCO & BRADLEY, P.C.

        By <u>s/Jamie L. Bas</u>
           James E. DeFranco, #06181134
           Jamie L. Bas, # 6277169
           20 Bronze Pointe
           Swansea, IL 62226
           (618) 628-2000
           (618) 628-2007 Fax
           ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEBORAH WIESS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 10-CV-00111-JPG-PMF |
| WAL-MART STORES, INC., | ) ) ) |
| Defendant. | ) |

### AFFIDAVIT

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF ST. CLAIR    )

Jamie L. Bas, being duly sworn upon her oath, deposes and states that she is an attorney for defendant Wal-Mart Stores, Inc. herein, that she has read the foregoing Notice for Removal and believes it to be true, and that she makes this affidavit as an agent authorized to execute same on behalf of defendant.

_____
Jamie L. Bas

SUBSCRIBED AND SWORN TO before me this 9th day of February, 2010.

_____
NOTARY PUBLIC

OFFICIAL SEAL
AMANDA ISOM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/15/10

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEBORAH WIESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 10-Cv-00111-JPG-PMF |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

Jamie L. Bas, after being duly sworn upon her oath, deposes and states that she is an attorney for defendant Wal-Mart Stores, Inc. in the above-entitled cause; that on the 9th day of February, 2010, she sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to Heidi L. Leopold, Martin, Malec & Leopold P.C., 1007 Olive – 5th Floor, St. Louis, MO 63101, in the above-captioned cause, and that attached to said Notice was a copy of Notice for Removal.

Affiant further says that on the 9th day of February, 2010, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Circuit Court, Madison County Courthouse, 155 N. Main Suite 120, Edwardsville, IL 62025.

_____
Jamie L. Bas

SUBSCRIBED AND SWORN TO before me this 9th day of February, 2010.

_____
NOTARY PUBLIC

OFFICIAL SEAL
AMANDA ISOM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/15/10