**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DEBORAH WIESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-111-GPM |
| | ) |
| WAL-MART STORES, INC., a Delaware | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

### I. I<small>NTRODUCTION</small>

This matter is before the Court on the motion for remand of this case to state court brought by Plaintiff Deborah Wiess (Doc. 5). In this action Wiess seeks damages for personal injuries allegedly caused to her on September 5, 2008, by a defective shopping cart on the premises of a retail store owned by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), in Highland, Illinois. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and was removed to this Court by Wal-Mart for the first time on October 20, 2009, at which time the case was docketed as *Wiess v. Wal-Mart Stores, Inc*., Civil No. 09-887-GPM (S.D. Ill. filed Oct. 20, 2009). Federal subject matter jurisdiction was alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. On November 4, 2009, Civil No. 09-887-GPM was remanded to state court for lack of subject matter jurisdiction. On February 9, 2010, Wal-Mart removed the case a second time, whereupon the case was docketed as the above-captioned cause and assigned first to United States District Judge

J. Phil Gilbert then to United States District Judge Michael J. Reagan; Wal-Mart again alleges federal subject matter jurisdiction in diversity.  On April 26, 2010, this case was reassigned to the undersigned United States District Judge consistent with the Court's policy that related cases (here Civil No. 09-887-GPM and this case) should be concentrated before the same judge.  *See Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-709-JPG, 2008 WL 2397582, at *1 (S.D. Ill. June 10, 2008); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 997-98 (S.D. Ill. 2007). As noted, Wiess has moved for remand of this case to state court.  Her remand motion has been fully briefed, and the Court now rules as follows.

## II. ANALYSIS

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action."  *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 771 (S.D. Ill. 2006) (quoting *Disher v. Citigroup Global Mkts., Inc.*, 419 F.3d 649, 653 (7th Cir. 2005)). The party seeking removal has the burden of establishing federal jurisdiction and "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."  *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Said differently, "there is a strong presumption in favor of remand."  *Bourda v. Caliber Auto*

*Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009)

(citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)).

As already has been noted, the basis for federal subject matter jurisdiction in this case asserted by Wal-Mart is diversity of citizenship. In general, federal courts have original subject matter jurisdiction in diversity in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Leggitt v. Wal-Mart Stores, Inc.*, Civil No. 10-245-GPM, 2010 WL 1416833, at *1 (S.D. Ill. Apr. 5, 2010); *Glisson v. Matrixx Initiatives, Inc.*, Civil No. 10-76-GPM, 2010 WL 685894, at *1 (S.D. Ill. Feb. 22, 2010). There is no dispute that the requisite complete diversity of citizenship exists between the parties to this case. Wiess is a citizen of Illinois, meaning, of course, that she is domiciled in Illinois. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009). Wal-Mart is a corporation incorporated under Delaware law with its principal place of business in Arkansas and thus is a citizen of Delaware and Arkansas for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). *See also Frakes v. B & J Food Serv. Equip. of Mo., Inc.*, Civil No. 10-247-GPM, 2010 WL 1418567, at *2 (S.D. Ill. Apr. 7, 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010)) (the location of a corporation's principal place of business for diversity purposes is the state where the corporation has its headquarters or nerve center). What is in dispute here (as was also true the

previous time that this case was before the Court on removal) is whether the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

In its previous order remanding this case to state court, the Court made detailed findings regarding the amount in controversy in this case. *See Wiess v. Wal-Mart Stores, Inc.*, Civil No. 09-887-GPM, 2009 WL 3713353, at **2-3 (S.D. Ill. Nov. 4, 2009). The Court's previous findings on the earlier removal of this case are, of course, the law of the case on this removal of the case. *See Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 708-09 (S.D. Ill. 2007) (matters decided in a case on removal to federal court are the law of the case at later stages of the same case in state court after remand) (collecting cases); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842 (S.D. Ill. 2006) (matters decided in a case on removal to federal court are the law of the case on a successive removal of the same case). Because Wal-Mart's evaluation of the amount in controversy on this second removal of this case has been controverted by Wiess, Wal-Mart, as the proponent of federal jurisdiction in this instance, has the burden of producing evidence showing that the prerequisites for the exercise of the Court's jurisdiction in diversity are met here. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Wal-Mart does not challenge the Court's earlier findings with respect to the amount in controversy in this case and argues instead that it has new evidence showing that the jurisdictional minimum amount is satisfied here. However, the only piece of evidence that Wal-Mart has proffered on this removal of this case concerning the amount in controversy for diversity purposes is a settlement demand by Wiess for $75,000. For several reasons the Court concludes that the evidence proffered

by Wal-Mart regarding the amount in controversy is insufficient to establish the Court's jurisdiction in diversity.

The Court notes as an initial matter that it finds highly questionable the reliability of evidence like a settlement demand to establish the jurisdictional amount.  It is axiomatic that "[t]he removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand," *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1092 (S.D. Ill. 2007), just as it likewise is a truism that "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high)[.]"   *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2010 WL 415388, at *3 (S.D. Ill. Feb. 1, 2010) (quoting *Murphy v. Schering Corp.*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995)).  In light of these settled principles, the Court shares the view of a sister federal court in this Circuit that derided the value of evidence of a settlement demand in proving the jurisdictional amount for diversity purposes, saying:

> In our adversary system, federal jurisdiction should not turn on telephone "puffing" from counsel for the plaintiff, who may want to increase his or her settlement potential or recovery, or counsel for defendant, who may be receptive to the puffing for purposes of removal.

*Stemmons v. Toyota Tsusho Am., Inc.*, 802 F. Supp. 195, 198 (N.D. Ill. 1992).  *See also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (a settlement offer fails to establish the jurisdictional amount if it does not "reflect a reasonable estimate of the plaintiff's claim" and is "inflated and not an honest assessment of [a plaintiff's] damages").  Additionally, the Court is not wholly persuaded that evidence of a settlement demand is properly considered in evaluating the amount in controversy, given that the Federal Rules of Evidence specifically provide that evidence of settlement discussions is "not admissible to prove . . . [the] invalidity of [a] claim *or its amount*."

*King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 217 n.1 (S.D. Ind. 1996) (quoting Fed. R. Evid. 408) (emphasis in original).  The Court is aware that in the past the United States Court of Appeals for the Seventh Circuit has considered a plaintiff's settlement offer in determining the "plaintiff's assessment of the value of her case" for purposes of the amount in controversy.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997).  However, there is no evidence that Rule 408 was asserted in *Chase*.  In general, a judicial decision is only authority for the issues that it actually decides, and "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 936 n.5 (S.D. Ill. 2006) (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).  Moreover, "[t]his rule applies with particular force where an issue is, as in this instance, jurisdictional."  *Id.* (collecting cases). Finally, and perhaps most obviously, to satisfy the jurisdictional minimum amount for diversity purposes, "[i]t is necessary to exceed, not just to achieve, [$75,000] in controversy."  *Rehkemper & Son, Inc. v. Indiana Lumbermens Mut. Ins. Co.*, Civil No. 09-858-GPM, 2010 WL 547167, at *5 n.5 (S.D. Ill. Feb. 10, 2010) (quoting *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 n.1 (7th Cir. 1996)).  *See also King*, 940 F. Supp. at 217 n.1 (at a time when 28 U.S.C. § 1332(a) provided that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000," stating that "plaintiff's settlement offer of $50,000 . . . stops just short of satisfying the jurisdictional amount required.").  The fact that Wiess may have tendered a settlement demand for $75,000 fails to show that the amount in controversy for diversity purposes is satisfied in this case.  Accordingly, the case will be remanded to state court.

### III. Conclusion

To conclude, Wiess's motion for remand of this case to state court (Doc. 5) is **GRANTED**.

Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: May 13, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge